## LIABILITY FOR INJURY TO AN EMPLOYE WHO FELL INTO A DITCH.

### Circuit Court of Summit County.

### THE AKRON SELLE CO. V. HERMAN JOST.[*]

#### Decided, April Term, 1909.

*Employer's Liability for Unguarded Ditch—Independent Contractor— Terms of Verbal Contract for Jury and Not to be Construed by Court.*

1. An employer of labor can not absolve himself from liability for leaving a ditch on his premises unguarded, into which his employes are liable to fall and be injured, by showing that he let the contract for digging the ditch to an independent contractor.
2. It is not for the court to construe the terms of a verbal contract but for the jury to determine what the terms of the contract are.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Jost recovered for damages received through the alleged negligence of the company in leaving a ditch unguarded upon its premises where he worked into which he fell and broke his leg. The company claimed Jost himself was careless and that, in any event, it was not liable because the ditch had been dug and left unguarded by an independent contractor, over whom it had no control, to whom it had let the work of building an addition to its factory.

The accident happened after dark as Jost stepped into the yard for the purpose of attending to a call of nature.

Without going into the evidence in the case, which we have carefully considered, we think the jury was justified in finding that Jost was not guilty of contributory negligence.

Conceding that the work was being done by an independent contractor and that the company retained no control over the doing of the work, still we think this can not avail as a defense under the circumstances of this case. One can not dig a pit upon his own premises where he knows his employes are accustomed to

---

* Affirmed without opinion *Akron Selle Co.* v. *Jost*, 85 Ohio State, 452.

go and liable to injury and thus be free from blame; neither can he hire somebody else to dig it and thus absolve himself from liability.    The rule in Ohio is well stated as follows:

"If the necessary or probable effect of the performance of the work would be to create a nuisance or to injure or expose third person to danger, unless the work is carefully guarded, then the defendant is not relieved from liability because the work is done by a contractor over whom the defendant has no control in the manner and mode of doing it." *Railroad Co.* v. *Morey,* 47 O. S., 207; *Bridge Co.* v. *Steinbrock,* 61 O. S., 215; *Hawver* v. *Whalen,* 49 O. S., 69.

This rule the trial judge gave to the jury and is warrant for plaintiff's request to charge, which was given, and the fault with the company's sixth request to charge is that it ignored the fact that the performance of this work, under the circumstances shown by the evidence, exposed Jost to danger.

The company's fourth request to charge was also properly refused because it made the fact that the company had provided a urinal at a distant part of the shop an absolute defense if its employe happened to fall into an unguarded ditch somewhere else on its premises when going to some other place to relieve himself.    On this point it may be said that it was shown in evidence that the company had knowledge that its employes were accustomed to use the place Jost was going to, for that purpose, and no knowledge of any rule against it was brought home to Jost.

The proposition that it was for the court to construe the verbal contract under which the independent contractor was working, is untenable.    It was for the jury to determine what the terms of the contract were.    How could the court construe the contract before the jury had determined its terms.

Having examined all the allegations of error and finding none well taken, the judgment is affirmed.